CALLAHAN & BLAINE
Daniel J. Callahan, Bar No. 91490
Daniel@callahan-law.com
Edward Susolik, Bar No. 151081
ES@callahan-law.com
3 Hutton Centre Drive
Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
Fax: (714) 241-4445

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
James B. Hardin, Bar No. 205071
jhardin@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
895 Dove Street, Suite 425
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# CENTAL DISTICT OF CALIFORNIA

| | |
|---|---|
| RAY PEREA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA PHARMACY, INC. doing business as RIGHTSOURCERX, a Delaware corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: SACV12-01881 JST(ANx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff RAY PEREA, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge.

## I. PARTIES

1. Plaintiff Ray Perea is a resident of San Bernardino County, California.

2. Defendant Humana Pharmacy, Inc. d/b/a RightSourceRx is a Delaware corporation that does business in California.

3. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Humana Pharmacy, Inc. d/b/a RightSourceRx and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over all causes of action asserted herein.

5. Venue is proper in this Judicial District because a substantial part of the wrongful conduct about which Plaintiff complains occurred in this Judicial District.

## III. FACTS

6. In August 2012 while located in California, Plaintiff called Defendant at 800-486-2668 from a wireless telephone. Plaintiff spoke to an employee of Defendant and proceeded to have a sensitive, private and confidential discussion wherein Plaintiff provided his name and social security number, and also discussed a very private and highly sensitive medical condition related to erectile dysfunction.

7. Plaintiff was not aware that the call was being recorded. Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded. Plaintiff did not give

either express or implied consent to the recording.

8. After completing his call, Plaintiff learned that Defendant records *all* incoming telephone calls. Defendant did not disclose this fact to Plaintiff, nor do they disclose it to all other members of the class.

9. Plaintiff expected that his telephone call would be private (i.e., not recorded) due to: (1) the sensitive and confidential nature of the conversation; and (2) Defendant's assurances that it respects the privacy of its customers. Indeed, Defendant's website assures visitors that *"The privacy of your personal and health information is important."*[1]

10. Plaintiff's subjective expectation of privacy was objectively reasonable based upon prevailing societal norms. Indeed, one recent poll showed that 73% of Americans believe that it is "extremely important" that conversations never be recorded or monitored without the consent of all parties. *See* Harris Poll #17, March 19, 2003; *see also* Katz, Privacy and Information Technology, Public Opinion Quarterly 54, no. 1 (1990), at 125-143 (concluding that privacy of telephone calls is very important to most Americans and that the idea of secretly recording or monitoring of telephone calls is upsetting to a majority of people).

11. Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing violations of privacy of hundreds of people and to recover damages because of this unlawful practice.

### IV. CLASS ACTION ALLEGATIONS

12. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> *"All persons located in California whose telephone conversations with Defendant were recorded by Defendant without disclosure at any time during the applicable statute of limitations period."* (the "Class").

---

[1] See https://www.rightsourcerx.com/custserv/info.cmd?pageName=Privacy (last visited October 31, 2012).

13. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

14. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

15. [Fed. R. Civ. P. 23(a)(1)]: The Class is so numerous that the individual joinder of all of its members is impractical. The exact identities of class members can be ascertained through appropriate discovery of defendant's books and telephone records. Plaintiff believes that the class exceeds 500 members.

16. [Fed. R. Civ. P. 23(a)(2)]: Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    (a) Whether Defendant intentionally records telephone calls;

    (b) Whether Defendant discloses its intentional recording of telephone communications; and

    (c) Whether Defendant's conduct constitutes a violation of California Penal Code sections 631(a), 632(a), 632.7 and/ or 637;

17. [Fed. R. Civ. P. 23(a)(3)]: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are

entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

18. [Fed. R. Civ. P. 23(a)(4)]: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions who have previously been certified as class counsel in a variety of class action lawsuits in both state and federal court.

19. [Fed. R. Civ. P. 23(b)(3)]: A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.

20. [Fed. R. Civ. P. 23(b)(1)(A)]: The prosecution of separate actions by hundreds of thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

21. [Fed. R. Civ. P. 23(b)(1)(B)]: The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

22. [Fed. R. Civ. P. 23(b)(2)]: Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Penal Code § 630, et seq.**

**(By Class Against All Defendants)**

23. Plaintiff incorporates by this reference the allegations contained in the

preceding paragraphs above as if fully set forth herein.

24. As part of the California Invasion of Privacy Act, the Legislature enacted section 632 of the California Penal Code in 1967 to address the growing concern that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630.

25. Section 632 prohibits the non-consensual recording, monitoring, and/or eavesdropping upon confidential telephone communications by means of any electronic amplifying or recording device, including a wiretap. "Intentional" within the context of section 632 merely requires that a defendant intend that the confidential communication be recorded, monitored, and/or eavesdropped upon. *See People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 133 (1969). No other wrongful or surreptitious intent is required, only that the defendant intended to record the confidential communication is necessary.

26. Defendant knowingly violated Cal. Pen Code § 632 by habitually, and making a practice of, routinely recording confidential telephone communications. Such communications are considered to be confidential because such communications are private, confidential, and carried on under circumstances that reasonably indicate that the customer-party to the communication desires it to be confined to them and Defendant.

27. Based on the foregoing violations, Plaintiff and members of the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code, i.e. $5,000 per statutory violation or three times the amount of actual damages, whichever is higher.

28. Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this

action enforces an important right affecting the public's interest.

## SECOND CAUSE OF ACTION

### Penal Code § 632.7

### (By Class Against All Defendants)

29. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

30. Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone. No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

31. Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

32. Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code.

33. Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

2. For certification of the putative class;

4. An award of any and all available damages;

8. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private

attorney general doctrine;

9. For costs of suit; and

10. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: November 2, 2012

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell
Attorney for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2012, I caused a true and correct copy of the foregoing document to be served on the following counsel in the manner indicated:

*Jeanette D. Francis*

**Via U.S. Mail**

Fred R Puglisi, Esq.
Valerie E. Alter, Esq.
Elizabeth S Barcohana, Esq.
Sheppard Mullin Richter & Hampton
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055
fpuglisi@smrh.com
ebarcohana@smrh.com
jramsey@smrh.com

Attorneys for Defendant
HUMANA PHARMACY, INC. dba
RIGHTSOURCE