UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1881-JST (ANx)                                    Date:  January 23, 2013
Title:  Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) VACATING HEARING (2) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND (2) DENYING DEFENDANT'S MOTION TO STRIKE (Doc. 13)**

Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Humana Pharmacy, Inc. ("Humana").  (Mot., Doc. 13.)  Defendant also moves to strike class allegations in the FAC under Rule 12(f), or alternatively, to dismiss them under Rule 23.  *Id.*  Plaintiff opposed the Motion on January 4, 2013, (Doc. 34), and Defendant replied on January 11, 2013.  (Doc. 37.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for January 25, 2013, at 2:30 p.m. is VACATED.  Having considered the papers and for the reasons stated below, the Court DENIES Defendant's Motion to Dismiss and Strike.

I.   Background

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, ---U.S.----, 130 S. Ct. 983, 986-87 (2010).  In August 2012, Plaintiff called Humana at 800-486-2668 ("1-800 number") from a wireless phone in California.  (FAC ¶ 6, Doc. 9.)  Plaintiff had a conversation with a Humana employee which included "sensitive, private and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-1881-JST (ANx) | Date: January 23, 2013 |
| Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al. | |

confidential" information, including Plaintiff's "name and social security number." (*Id.*) Plaintiff and the Humana employee also discussed "a very private and highly sensitive medical condition related to erectile dysfunction." (*Id.*) Plaintiff expected that this call was private due to "(1) the sensitive and confidential nature of the conversation; and (2) Defendant's assurances that it respects the privacy of its customers." (FAC ¶ 9.)

Plaintiff was "not aware that the call was being recorded [and] Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded." (FAC ¶ 7.) Plaintiff did not give "express or implied consent to the recording." (*Id.*) After completing the call, Plaintiff learned that "Defendant records *all* incoming telephone calls. Defendant did not disclose this fact to Plaintiff, nor do they [sic] disclose it to all other members of the class." (*Id.* ¶ 8.)

Plaintiff filed this action on September 25, 2012, in the Superior Court of California, County of Orange. (Notice of Removal Ex. A ("Original Complaint"), Doc. 1.) Plaintiff asserted two causes of action on behalf of himself and "[a]ll persons located in California whose telephone conversations with Defendant were recorded by Defendant without disclosure at any time during the applicable statute of limitations period": (1) violation of California Penal Code § 632; and (2) violation of California Penal Code § 632.7. (FAC ¶¶ 12, 23-33.) Defendant removed the action to this Court on October 29, 2012. (Notice of Removal.) Plaintiff filed a First Amended Complaint ("FAC") on November 5, 2012 (Doc. 9.), and Defendant now seeks to dismiss this FAC. (Mot.)

**II. Legal Standard 12(b)(1)**

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Dismissal for lack of subject matter jurisdiction

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-1881-JST (ANx) | Date:  January 23, 2013 |
| Title:  Ray Perea, et al., v. Humana Pharmacy, Inc., et al. | |

is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-985 (9th Cir. 2008).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039 (finding defendant's 12(b)(1) motion to be factual, where defendant challenged whether grass residue constituted solid waste under the Resource Conservation and Recovery Act).  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*.

  When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *overruled on other grounds* by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).  For the court to exercise subject matter jurisdiction, a plaintiff must show that he or she has standing under Article III.  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court there-fore [sic] lacks subject matter jurisdiction over the suit.") (citation omitted).  Article III sets forth the constitutional limitations on standing, requiring a plaintiff to establish (1) injury in fact, (2) causation, and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The injury in fact must be concrete and particularized and actual or imminent; it cannot be conjectural or hypothetical.  *Id.*

  However, courts must carefully distinguish motions to dismiss for lack of Constitutional standing under Article III, which are properly brought under Rule 12(b)(1), from motions to dismiss for lack of statutory standing, which go to the merits of a claim and must be brought under Rule 12(b)(6).  *See Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n. 4 (9th Cir. 2011); *see also* The Rutter Group, *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 9:76.11 ("A motion to dismiss for lack of statutory standing (e.g., plaintiff not a person protected by the statute . . . ) goes to the *merits* of the claim, and should be brought under 12(b)(6).")  "Statutory standing, unlike constitutional standing, is not jurisdictional. . . . The question whether a plaintiff states a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1881-JST (ANx)            Date:  January 23, 2013
Title:  Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

claim for relief typically relates to the merits of a case, not to the dispute's justicability, and conflation of the two concepts often causes confusion." *Jewel*, 673 F.3d at 907 n.4 (internal citation and quotation marks omitted.)

### III.  Discussion 12(b)(1)

Here, Defendant attacks only the first element of standing, arguing that Plaintiff lacks Article III standing because "he did not suffer an invasion of a legally protected interest." (Mot. at 6.)  Both of Plaintiff's claims are predicated on the intentional recording of a conversation without Plaintiff's consent.  *See* Cal. Penal Code § 632(a) ("Every person who, intentionally and without the consent of all parties to a confidential communication . . . eavesdrops upon or records the confidential communication . . . shall be punished"); Cal. Penal Code § 632.7(a) ("Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone . . . shall be punished").  The California Supreme Court has noted that "if a [defendant] discloses at the outset of a call . . . that the call is being recorded, the parties to the call will not have a reasonable expectation that the call is not being recorded and the recording would not violate section 632." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 127 (2006).

Defendant declares that since June of 2009, the 1-800 number that Plaintiff called includes "a notice disclosing calls may be recorded" and that this notice is "automatically played at the start of every call, before the caller is connected to a live customer service representative." (Request for Judicial Notice Ex. 8 ("Reese Decl.") ¶ 5, Doc. 14.)  Thus, Defendant argues that Plaintiff cannot allege he was not notified at the beginning of his phone call by an automated message that the call would be recorded. (Mot. at 5-6.)  As such, Defendant argues that Plaintiff has not suffered an injury in fact because he cannot state a claim under California Penal Code sections 632 and 632.7.  (*Id.*)  But Defendant's argument challenges the merits of Plaintiff's claim, which is properly addressed under Rule 12(b)(6), not Rule 12(b)(1).  *See Jewel*, 673 F.3d at 907 n. 4 (noting that challenges to the merits of a plaintiff's claim is properly dealt with under Rule 12(b)(6)).  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1881-JST (ANx)            Date: January 23, 2013
Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

finds Plaintiff has adequately pled injury in fact by alleging that his conversation with Defendant was recorded without his consent, in violation of California Penal Code sections 632 and 632.7. The Court therefore DENIES Defendant's 12(b)(1) Motion.

### IV. Legal Standard 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). The issue on a motion to dismiss for failure to state a claim "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Ninth Circuit recently clarified, a complaint must be (1) sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it and (2) sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1881-JST (ANx)                               Date:  January 23, 2013
Title:  Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

*Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).[1]

### V.  Discussion 12(b)(6)

Defendant also moves to dismiss Plaintiff's FAC under Rule 12(b)(6), making several arguments for why Plaintiff fails to state a claim.  (Mot. at 7.)  Defendant first argues that Plaintiff's FAC "fails to allege that Plaintiff did not receive notice that his call would be recorded."  (*Id.*)  Additionally, Defendant argues that "the California Legislature did not intend to penalize the legitimate business practice of recording customer service calls (referred to as 'service observing') because it viewed such practice to be in the public's best interest."  (*Id.* at 8.)  Finally, Defendant argues that Plaintiff fails to state a claim under section 632 because (1) "§ 632 and its legislative history make clear [that] § 632(a) excludes radio communications, whereas § 632.7 applies explicitly to radio communications"; and (2) the FAC "fails to allege that Humana recorded a confidential communication."  (*Id.* at 19, 22.)

#### A.  Sufficiency of Pleadings Related to Notification

Defendant first argues that Plaintiff's complaint should be dismissed because it does not allege that "Humana failed to provide notice to him at the outset" that the call was being recorded.  (Mot. at 7.)  Plaintiff alleges in his FAC that "Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded . . . . ¶ Defendant records *all* incoming telephone calls.  Defendant did not disclose this fact to Plaintiff, nor do they disclose it to all other members of the class."  (FAC ¶¶ 7-8.)  Construing Plaintiff's allegations in the light most favorable to the Plaintiff, the Court finds that Plaintiff alleges

---

[1] Defendant asks the Court to take judicial notice of numerous documents, including legislative history.  (Docs. 14-31, 38.)  Plaintiff objects to many of these documents.  (Doc. 34-1.)  To the extent the Court relied on these documents, judicial notice was proper and Defendant's request is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 12-1881-JST (ANx) | Date: January 23, 2013 |
| Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al. | |

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Plaintiff sufficiently alleges that he was not warned "at any point during the telephone conversation," and Plaintiff is not required to explicitly plead the absence of every possible scenario in which Defendant could have notified him of the recording. Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim"). If indeed Defendant warned Plaintiff that the call would be recorded at the beginning of the telephone call, it may raise evidence of that on summary judgment.

### B. "Service-Observing" Exception

Defendant's second argument is that sections 632 and 632.7 exempt service-observing—i.e., a business's recording of calls between its employees and customers for quality assurance purposes—and that, therefore, Defendant's recording of Plaintiff's conversation with Defendant's customer representative is exempt from these sections. (Mot. at 8-9.) In interpreting a California statute while sitting in diversity, a federal court must apply California rules of statutory construction. *Bass v. Cnty. of Butte*, 458 F.3d 978, 981-82 (9th Cir. 2006). In California, courts look first to the plain meaning of the statute. *MacIssac v. Waste Mgmt. Collection & Recycling, Inc.*, 134 Cal. App. 4th 1076, 1082 (2005). The "Legislature's chosen language is the most reliable indicator of its intent because it is the language of the statute itself and has successfully braved the legislative gauntlet." *Id.* (citation and internal quotation marks omitted). "If the statutory language is clear and unambiguous, [the court's] task is at an end, for there is no need for judicial construction." *Id.*

Defendant relies on an exception set forth in sections 632(e)(2) and 632.7(b)(2) which provides, "This section does not apply . . . (2) to the use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility." Defendant argues that this exception somehow encapsulates service-observing, and that service-observing is therefore exempt from sections 632 and 632.7. (Mot. at 9.) Defendant argues that this section is latently ambiguous because applying it according to its plain meaning would lead to absurd results. (Mot. at 9-10.) In support of this argument, Defendant cites to two federal district court cases, *Shin v. Digi-Key Corp*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1881-JST (ANx)            Date: January 23, 2013
Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

CV 12-5415 PA (JCGx), 2012 WL 5503847 (C.D. Cal. Sept. 17, 2012) and *Sajfr v. BBG Commc'n, Inc.*, No. 10CV2341 AJB (NLS), 2012 WL 398991 (S.D. Cal. Jan. 10, 2012).[2] Neither of these cases, however, specifically discuss the exceptions contained in sections 632(e)(2) and 632.7(b)(2) upon which Defendant relies.

      What is more, Plaintiff specifically cites to a California Court of Appeal case and a California Supreme Court case that appear contrary to Defendant's position.[3] In *Kight v. CashCall, Inc.*, the California Court of Appeal noted that "[b]ecause the monitoring at issue [] was performed by [defendant] and not 'telephone utilities,' the [service-observing] exception is not relevant here." *Kight v. CashCall Inc.*, 200 Cal. App. 4th 1377, 1395 (2011) (discussing a California Public Utilities Commission Opinion and noting that service-observing was exempted under that decision only "when these functions are performed by *telephone utilities*") (internal citation and quotation marks omitted). And, in a case involving a similar fact pattern as the one present here, the California Supreme Court noted that "[t]he calls at issue in this case do not fall within any of the statutorily authorized circumstances." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 n.9 (2006) (noting in dicta that defendant brokerage firm's recording of conversations with clients did not fall into any statutory exceptions). While *Kearney* dealt with a choice of law issue, it remains that the Court did not even discuss a service-observing exception in the context of similar facts as these.

      Moreover, the face of Plaintiff's FAC does not allege that Defendant recorded the call for service-observing purposes. In fact, the FAC does not allege any purpose for Defendant's recording of Plaintiff's call, and the Court cannot read a service-observing purpose into Plaintiff's allegations. *See Branch*, 14 F.3d at 453-54 (Courts are limited to the face of the plaintiff's Complaint).

---

[2] Defendant also asks the Court to take Judicial Notice (Doc. 38-1) of a Los Angeles County Superior Court decision filed on December 31, 2012, holding that "service-observing calls are deemed not to be considered 'private'." *Turner v. W. Dental Servs. Inc.*, No. BC478188 at *2 (Dec. 31, 2012). California trial court decisions are not binding on this Court, and moreover, the Court finds this decision's analysis lacking in that it does not discuss *Kight*, 200 Cal. App. 4th 1377, and does not state the legislative history upon which the court is relying.

[3] Defendant failed to cite to either of these cases or discuss them in its opening brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1881-JST (ANx)            Date: January 23, 2013
Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

### C. Section 632 and Wireless Telephones

Defendant also argues that section 632 "does not apply to 'wireless' calls from a cellular or cordless phone." (Mot. at 19.) Section 632(a) prohibits "intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrop[ing] upon or record[ing] the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, *except a radio*." (emphasis added.) In his FAC, Plaintiff alleges that he called Defendant's 1-800 number from a "wireless phone." (FAC ¶ 6.) Defendant asks the Court to take judicial notice that wireless phones—both cordless and cellular—are based on radio communications. Thus, Defendant argues that the recording of telephone calls made from wireless telephones is not prohibited by section 632, but only by section 632.7, which explicitly prohibits recording "communication transmitted between . . . a cellular radio telephone and a landline telephone." *See* Cal. Penal Code § 632.7(a). Defendant further contends that any other interpretation of section 632(a) "would render § 632.7 redundant." (Mot. at 21.)

Section 632.7 is broader than section 632, however, because it does not require the communication recorded to be "confidential." *See* Cal. Penal Code § 632 (applying to the recording of "confidential communication[s]"); Cal. Penal Code § 632.7 (prohibiting the recording of "a communication"). Thus, a reading of section 632 that includes the recording of communications between a wireless telephone and a landline would not make section 632.7 redundant, because section 632 requires the additional element of confidentiality. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 768 (2002). Moreover, in *Flanagan*, the court addressed a section 632 claim involving the recording of calls made from a cellular telephone, and the Court never once stated that section 632 did not apply to such claims. *See id.* at 769, 771 (noting that "[t]his case involves subdivisions (a) and (c) of section 632" and that Plaintiff had "placed nine calls from a cellular phone" that were recorded).

Finally, even if the Court were to take judicial notice as requested of the several statutes that Defendant cites which refer to "cellular radio telephone[s]," Cal. Penal Code

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-1881-JST (ANx) | Date: January 23, 2013 |
| Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al. | |

§ 632.7(c)(1)-(2), and cordless telephones as being connected by a "radio link," Defendant fails to cite to any case authority—binding or otherwise—which has adopted Defendant's proffered interpretation of section 632. Assuming, arguendo, that cellular and cordless telephones operate by radio frequencies, the plain language of the statute excludes conversations carried on "by means of . . . a radio" not by means of telephones that operate on radio frequencies. Cal. Penal Code § 632(a). Section 632 by its plain language prohibits recording "confidential communication . . . by means of a . . . telephone, or other device," and the Court need look no further than to this plain language to determine that Plaintiff states a claim for relief. *Id.*

### D. Confidential Communications

Finally, Defendant argues Plaintiff has failed to allege Humana recorded a confidential communication as required by section 632. Section 632(c) defines confidential communications to include

> [A]ny communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Cal. Penal Code § 632(c). A communication is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan*, 27 Cal. 4th at 769, 776-77. Here, Plaintiff alleges that he called Defendant to discuss "a very private and highly sensitive medical condition related to erectile dysfunction." (FAC ¶ 6.) He further alleges he expected this conversation to be confidential because of the "sensitive and confidential nature of the conversation" and because of Defendant's assurances that "it respects the privacy of its customers." (*Id.* ¶ 9.) Considering (1) Defendant's line of business and the sensitive

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1881-JST (ANx)                                         Date:  January 23, 2013
Title:  Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

medical information that is likely to be discussed between Defendant's representatives and its customers, and (2) Plaintiff's further allegations that Defendant "respects the privacy of its customers," Plaintiff has adequately pled an objectively reasonable expectation that the conversation was confidential.

Defendant cites several California district court decisions that have dismissed claims under section 632 on the ground "that the plaintiffs failed to allege circumstances that would support an expectation of privacy in a general call to a business's customer service line." (Mot. at 22.)  But many of these cases involved billing disputes with defendants that were not involved in a business in which they might engage in conversations concerning sensitive medical conditions.  *See Faulkner v. ADT Sec. Servs. Inc.*, No. 11-00968, 2011 WL 1812744 at *3 (N.D. Cal. May 12, 2011) ("Plaintiff fails to allege any circumstances or present any argument to support an objectively reasonable expectation that his telephone call regarding a billing dispute to ADT, a home security provider, would not be recorded, overheard or monitored."); *Sajfr*, 2012 WL 398991 at *6 ("Plaintiffs had no reasonable expectation of privacy when they called to discuss their bills."); *Young v. Hilton Worldwide Inc.*, No. CV 12-1788 R (PJWx), 2012 WL 5503866 (C.D. Cal. June 18, 2012) (noting that "[p]laintiff called [defendant] for routine matters relating to reservations and billing" and that this case "did not concern personal financial affairs, as in *Kearney*, or private family matters as in *Flanagan v. Flanagan* . . .") (internal quotation marks omitted).  Here, Plaintiff has sufficiently alleged facts showing an objectively reasonable expectation that his communication with Defendant would be confidential.

**VI. Motion to Strike**

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 12-1881-JST (ANx) | Date: January 23, 2013 |
| Title: Ray Perea, et al., v. Humana Pharmacy, Inc., et al. | |

(quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser*, 647 F.2d 200, 201 (D.C. Cir. 1981). This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citing Schwarzer, et al., Federal Civil Procedure § 9:375). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Liley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996). "Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977). "Were [courts] to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ., [they] would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Whittlestone*, 618 F.3d at 974.

Defendant seeks to strike the class action allegations from the FAC, arguing that Plaintiff cannot satisfy the numerosity requirement of Rule 23 because "even if he somehow did not receive the automated notification that has played since the launch of the customer service phone line he dialed, he is a class of one." (Mot. at 23.) But Plaintiff pled in his FAC that Defendant does not disclose that they are recording customer calls "to all other members of the class." (FAC ¶ 8.) These allegations are sufficient at the pleadings stage, and Defendant's argument is premature, as the issue of class certification is not yet before the Court. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005). [4] Regardless, the Court finds that the class allegations are clearly relevant to the subject matter of the litigation, and do not amount to redundant, immaterial, impertinent, or scandalous matters. Defendant's Motion to Strike is therefore denied.

---

[4] Defendant also moves to dismiss Plaintiff's class allegations under Rule 23 on the same ground. (Mot. at 23.) The Court finds that Plaintiff's class allegations are sufficient to survive at the pleadings stage for the reasons discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 12-1881-JST (ANx)            Date:  January 23, 2013

Title:  Ray Perea, et al., v. Humana Pharmacy, Inc., et al.

### VII.  Conclusion

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss and Defendant's Motion to Strike Plaintiff's claims.

Initials of Preparer:  <u>enm</u>